IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAY 1 7 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JULIAN CARL HUTTO,<br>TDCJ-ID #863170,<br><br>Petitioner,<br><br>v.<br><br>DOUGLAS DRETKE, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-03-0919 |

## MEMORANDUM OPINION AND ORDER

Julian Carl Hutto, a state inmate incarcerated in the Texas Department of Criminal

Justice, Correctional Institutions Division (TDCJ), filed a petition for habeas corpus relief

under 28 U.S.C. § 2254.  Respondent has submitted a motion for summary judgment

(Docket Entry No. 14), to which petitioner has not responded.  The record shows that

petitioner was served with a copy of the motion for summary judgment, and that a

reasonable time has elapsed for petitioner to respond.  After consideration of the pleadings,

the motion, the relevant state court records, and the applicable law, the Court **GRANTS** the

motion for summary judgment and **DISMISSES** this case.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Petitioner was found guilty of possession with the intent to deliver a controlled

substance, and was sentenced to thirty-five years incarceration in TDCJ.  The conviction

was affirmed on appeal. *Hutto v. State*, No. 14-99-00305-CR (Tex. App. – Houston [14th

Dist.] 2000, pet. ref'd) (not designated for publication).  The Texas Court of Criminal Appeals refused discretionary review.  *Hutto v. State*, PDR No. 395-01.  Petitioner's application for state habeas relief was denied by the Texas Court of Criminal Appeals without a written order on the findings of the trial court without a hearing.  *Ex parte Hutto*, Application No. 54,970-01, at cover.

In this pending federal habeas corpus petition, petitioner complains that the reading of the indictment during voir dire denied him a fair trial, and that trial and appellate counsel were ineffective.  Respondent argues that these claims fail as a matter of law.

## II.   SUMMARY JUDGMENT MOTION

### A.   Summary Judgment Standard of Review

Respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  In deciding a motion for summary judgment under Rule 56, the Court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with significant probative evidence the existence of a

genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

All of the evidence must be construed in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes. *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996). However, factual controversies are resolved in favor of the nonmovant only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts. *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir. 1996). In that regard, a fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, an issue is genuine, for purposes of a Rule 56 review, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

**B.     Habeas Corpus Petitions Under 28 U.S.C. § 2254**

The pending habeas corpus petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified as amended at 28 U.S.C. § 2254(d). AEDPA significantly restricts the availability of habeas corpus relief to state prisoners.

Under the standard established by AEDPA, a writ of habeas corpus may not issue with respect to any claim that was adjudicated on the merits in state court proceedings unless the state court's determination of that claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as

3

determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §§ 2254(d)(1), (2). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts of the prisoner's case. *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Rather, a reversal is not required unless the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be unreasonable. *Id.* In that regard, factual findings of the state court are presumed to be correct, pursuant to 28 U.S.C. § 2254(e)(1), and so federal courts must defer to them unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2).

While it is true that Rule 56 of the Federal Rules of Civil Procedure applies generally with equal force in the context of habeas corpus cases, *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), the Fifth Circuit has held that Rule 56 applies only to the extent that it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir.),

*cert. granted in part on other grounds, and dism'd*, 124 S. Ct. 1652 (2004). Therefore, 28 U.S.C. § 2254(e)(1) – which mandates that findings of fact made by a state court are presumed to be correct – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. *See id.* Unless the petitioner can rebut the presumption of correctness by clear and convincing evidence as to the state court's findings of fact, those findings must be accepted as correct. 28 U.S.C. § 2254(e)(1).

## III.   DENIAL OF A FAIR TRIAL

By his first ground, petitioner claims that the trial court denied him a fair and impartial trial by reading the indictment to the venire panel during voir dire. The record shows that during voir dire, the State read aloud a portion of the indictment detailing the pending criminal charges. (S.F. Vol. III, p. 48.) Petitioner presented this ground to the state court on collateral review, and argued that the reading of the indictment violated both state law and federal constitutional law. He did not support his argument with any relevant state or federal authority. The state court on collateral review rejected his argument, and found that petitioner failed to show that he was harmed by the reading of the indictment during voir dire. *Ex parte Hutto*, p. 45.

Petitioner's complaint based on violation of state law fails to raise a federal ground for relief. It is not a function of a federal habeas court to review a state's interpretation or application of its own law. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Nor does petitioner present any federal authority to support his argument that the reading of the

indictment charge deprived him of a fair trial. The state court's determination rejecting his claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, nor was it an unreasonable determination of the facts in light of the evidence presented in petitioner's state court proceedings. Habeas relief is denied under this ground.

## IV.   INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by his counsel and actual prejudice as a result of his counsel's deficient performance. *Id.* at 687. The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional

6

judgment. *Wilkerson. v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 687-90.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which he is entitled. *Id.* at 372.

Petitioner complains that he was denied effective assistance of counsel because his trial attorney failed to (1) object to the reading of the indictment at voir dire; (2) investigate petitioner's claim that the drugs and paraphernalia were not his; (3) obtain fingerprint testing on the State's evidence to disprove possession; (4) show that the money found at the house belonged to his girlfriend through employment; (5) object to evidence violating his right to remain silent; or (6) object to prosecutorial misconduct during closing argument.

Trial counsel was not ineffective in failing to object to the reading of the indictment charge. Petitioner fails to demonstrate that any objection would have been granted. Furthermore, his complaints that counsel failed properly to investigate the drugs and paraphernalia, obtain fingerprint analysis, or show that the money belonged to his girlfriend

7

through employment, are unsubstantiated by the record, are conclusory and speculative, and do not merit federal habeas relief. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition. . . to be of probative evidentiary value."). Hypothetical or theoretical testimony will not justify the issuance of a writ. *See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986).   The record shows that petitioner's girlfriend testified that the money was hers, and that she had never seen petitioner using the drugs or drug paraphernalia that were found by police.   Petitioner fails to show how any additional investigation, preparation, or testing by counsel would have helped his case in such a manner as to alter the outcome of trial, nor has he demonstrated prejudice from any alleged deficiencies of counsel.   Petitioner fails to demonstrate a reasonable probability that, but for the alleged deficiencies of counsel, the outcome of his trial would have been different.

Nor does petitioner establish that counsel was deficient in failing to object to evidence allegedly violating his right to remain silent or to prosecutorial misconduct during closing argument.   Petitioner fails to identify in his federal petition the particular evidence or prosecutorial action giving rise to his complaints.   To the extent he is relying on the same arguments presented in his state habeas proceeding, his complaints are vague and factually unsupported by the record. *Ex parte Hutto*, pp. 20-24.   Counsel's objection to a question allegedly violating petitioner's Fifth Amendment rights was sustained by the trial court, and no deficient performance is shown.   (S.F. Vol. 5, p. 17.)   Moreover, the record reveals numerous objections by counsel during the prosecution's closing argument.   (*Id.*, pp. 104-

8

112.) In reference to the "offending portion" of the prosecution's closing argument, petitioner simply sets forth *verbatim* some eight pages of the record, without specifying any particular comment or argument made by the prosecutor to which he contends counsel should have objected. *Ex parte Hutto*, pp. 21-24. Petitioner fails to demonstrate that counsel was ineffective during the State's closing argument.

The state court on collateral review considered and rejected petitioner's claims of ineffective assistance of trial counsel, and found that petitioner failed to meet his burden of proof under *Strickland*. *Ex parte Hutto*, pp. 44-45. The state court's determinations of effectiveness of counsel on these issues were not objectively unreasonable, and are fairly supported by the record. Habeas relief is denied under these arguments.

## V.   INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Persons convicted of a crime are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1997). Petitioner must allege and present facts that, if proven, would show that his attorney's representation on appeal was deficient and that the deficient performance caused him prejudice. *See Strickland*, 466 U.S. at 687-88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998).

The first element requires a habeas petitioner to show that his appellate counsel's conduct fell below an objective standard of reasonableness. *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). This Court's review is deferential, and presumes that

counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *Evitts,* 469 U.S. at 394. Nor will counsel be deficient for failing to press a frivolous point. *Williamson,* 183 F.3d at 462. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts,* 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland,* 466 U.S. at 690-91.

To show prejudice, petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the appeal would have been different. *Strickland,* 466 U.S. at 694. Such a reasonable probability makes the proceeding unfair or unreliable, so as to undermine confidence in the outcome. *Green v. Johnson,* 160 F.3d 1029, 1043 (5th Cir. 1998).

Petitioner contends that appellate counsel was deficient in failing to raise on appeal ineffective assistance of counsel and insufficiency of the evidence. This Court has rejected petitioner's claims of ineffective assistance of trial counsel, and appellate counsel was not deficient in failing to raise these meritless claims on appeal. Moreover, a review of the record on direct appeal shows that appellate counsel challenged the legal and factual sufficiency of the evidence to support the conviction for possession with intent to deliver a controlled substance, and that the court of appeals overruled the argument. Petitioner fails to identify any meritorious argument that appellate counsel failed to raise, and fails to show

10

that but for counsel's failure to raise such argument, the result of the appeal would have been different.

The state court on collateral review considered and rejected petitioner's claims of ineffective assistance of appellate counsel, and found that petitioner failed to meet his burden of proof under *Strickland*. *Ex parte Hutto*, pp. 44-45. The state court's determinations of effectiveness of counsel on these issues were not objectively unreasonable, and are fairly supported by the record. Habeas relief is denied under these arguments.

## VI.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, where claims have been dismissed on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* For reasons stated above, the Court has determined that petitioner has not made the requisite showing under the applicable standard, and a certificate of appealability will be denied.

11

## VII.  CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1.  Respondent's motion for summary judgment (Docket Entry No. 14) is **GRANTED**.

2.  The petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

3.  This cause of action is **DISMISSED** with prejudice.

4.  A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on /6 May _____, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE